May it please the Court, I'm Art Allen, representing the appellant Labrador Lopez-Torres. We're asking the Court to reverse and remand this case on resentencing under my second issue. I am not going to argue the first issue relating to Almendarez-Torres, since I recognize that we have held to the contrary on that. We simply wish to preserve that issue. The second issue, however, relates to the district court's erroneous application of a 16-level enhancement at Mr. Lopez's sentencing based upon the district court's determination that he had a prior felony for a crime of violence, specifically a violation of California Penal Code 246, which is shooting into an occupied vehicle in this instance. Can you help us discuss the crime of violence? Your Honor, it may or may not meet the definitions for several reasons. One is that the crime of violence definition contained in Guideline 2L1.2 refers to the enumerated violations, which this doesn't fall into, murder, rape, robbery, that type of thing. And then the otherwise provision, the containing an element of risk of physical harm to a person. This California Penal Code provision also proscribes shooting into an occupied or inhabited dwelling. They define inhabited within that statute, and the statute is set out in full in both my brief and the government's. They do not, however, define occupied as it relates to I'm not sure I followed that. If you shoot at an inhabitant residence, I understand California law will uphold the conviction regardless of whether the occupant's actually there at the time under the theory that there's a risk of crime. That's correct, Your Honor. Now, the crime involved here is an occupied vehicle. We're not sure what occupied under the California statute means. Occupied might be construed as an empty vehicle. It's entirely possible, Your Honor, because again, unlike the dwelling definition, the statute doesn't define that. But the real issue here and What else could it mean that there's somebody in it if it's occupied? Well, Your Honor, this case or this court has in other contexts looked at Washington Oregon statute, and I don't recall off the top of my head which one, where the term occupied as applying to a dwelling does not necessarily mean that someone's in the residence at the time. Well, that's a whole different criminal act. Shooting a weapon into a house is a crime of violence whether there's anybody home or not. And all the state courts have looked at that or held that that's a crime of violence. But that doesn't have anything to do with the shooting an automobile into an automobile because the statute there says it must be an occupied automobile. Isn't it just common sense that it means there's a car with somebody in it? And that could well be, Your Honor. And unfortunately, I've allowed myself to go down the sidetrack here that I was hoping to not have the court go down. The real issue here, Your Honor, is that the government in response to objections prior to sentencing filed by Mr. Lopez's counsel. Mr. Lopez's counsel discussed the fact that one problem is that this statute allows for a punishment of not less than six months nor more than 12 months. That's one reason the statute would not meet the definition because under Guideline 2L1.2, it requires that it be a felony for a crime of violence. So the statute by its definition would not necessarily involve a felony. Mr. Lopez's counsel objected prior to sentencing saying the statute is overbroad because of the definition. It is overbroad because it may also allow for punishment for just a misdemeanor which would not meet the felony crime of violence definition. Counsel for Mr. Lopez also said that... What is the range of sentencing? Not less than six months nor more than 12 months is contained within California Penal Code 246. So it could be a misdemeanor. Did the record show what he actually did and what the sentence actually was or what it served? No, Your Honor. I would submit no. And this is the real crux of this case, is that in response to Mr. Lopez's counsel's objections and which he also specifically noted that an abstract of judgment from California has been held by this court in Navidad Marcos to not be a judicially noticeable document, she said the government has to prove this. She also said a summary in a pre-sentence report is not sufficient proof. Then when they go to court, the government submits a charging information. They submit a municipal court document wherein the case is bound over, or I believe they use the terminology, certified up to circuit court. There then is an abstract of judgment. That is the — and all of that is in the excerpt of the record. Those are the documents submitted to the court. Those are, based upon the Navidad Marcos case and this Court's other holding on looking at the modified categorical approach, they're insufficient. We simply do not know what sentence or what charge Mr. Lopez was actually sentenced to. The excerpt or the abstract is found at page 92 of the excerpt of record. It's simply insufficient. The government has conceded in its brief to this court at page 14 that those documents are themselves insufficient to prove the fact of the conviction. But the government then further takes the position that since the PSR said that he got three years, it must be a felony. Well, unfortunately, the government appears to have overlooked the fact that counsel for Mr. Lopez did in fact object, as is the law in this circuit, to the use of a summary from a pre-sentence report. That's what we have in this case. The real issue is not whether or not 246 is categorically a crime of violence. The district court agreed or the district court believed that it had to use the modified categorical approach. There was no objection from the government at the sentencing hearing to the district court's use of the categorical approach. The problem here is the failure of the government to submit judicially noticeable documents showing not what the question is, not what was he charged with. The question, as this Court has uniformly held after Taylor, what was he convicted of based on the documentation, we simply don't know. If I may, unless there are questions, I'd like to reserve. Let me ask. You say that he was sentenced to three years, but that the range was six months to one year. I'm not understanding. Your Honor, the statute itself calls – it says it is a felony in the statute, but then it provides that the sentence imposed may – and I'll read directly from the statute. Unconviction shall be punished by imprisonment in the State prison for three, five, or seven years, or by imprisonment in the county jail for a term of not less than six months and not exceeding one year. That takes this out of the felony definition contained in the statute. Normally one looks at the sentence actually imposed to see where – what the State court treated it as, not the – you have it anywhere up to seven years or anywhere up to one year if it's treated as a misdemeanor. But don't you look at the sentence that was actually imposed to see what his record  Yes, we would, Your Honor. If, in fact, the government had submitted any acceptable document showing what sentence was imposed, what we have in that regard is a ball statement and a PSR and an abstract of judgment, neither of which under the law of this circuit have been found to be adequate in proving the actual crime committed or the sentence imposed. And I'm out of time. If I might have one minute for rebuttal. You may. Thank you, Your Honor. I please the Court. Robert Bork with the United States. On the first issue about the – whether or not this offense is a crime of violence, the Cortez-Arias case found that, consistent with the California statute, the shooting at an even unoccupied but inhabited dwelling was, as they said, must logically include acts and communicate to another person an intent to use physical force against that person and acts suggesting that physical force against that person may be impending. Let's assume that you went on that. What about counsel's second argument about the sentencing range, taking it outside the defined felony and therefore having to go to the modified categorical approach? Normally, the modified categorical approach goes to the actual elements of the offense. Here the objection is that it's – whether or not it is or is not a felony. But first note, of course, that there was no objection, specific objection, by the defendant to the fact that the sentence related in the PSR was three years. So we actually have a tacit admission that that was a correct sentence. I would also disagree with counsel that the government did not offer sufficient evidence of the crime in court documents. Navidad was found to violate the requirements of proof because, in that case, the district court only relied upon the abstract of judgment. No other document was relied upon in that case. In this case, and again, the issue being is this a felony, government offered first a felony complaint, and that's at pages 106, 107, and 108 of the excerpts. It specifically is called a felony complaint in its heading. It mentions 246. It specifically says that it was a discharge of a firearm in an occupied motor vehicle and, again, mentions it to be a serious felony. So we do have the charging document. Subsequent to that, we also have, and now this has been referenced as a municipal court record, and that is true. However, the record is titled Certificate and Order of Magistrate with a subheading of Guilty Plea to Felony Commitment and Probation Referral. So although it's a municipal court judge, it's clear that this judge had the authority to accept a felony plea. And later on, about the middle of the page, there's a phrase that says, And that is signed by a judge. So we don't have the abstracted judgment problem where the court was concerned understandably that that apparently is a clerk-generated document, not signed by a judge. So we have a judgment, a statement, a court record that shows that a plea  guilty was accepted by a judge, signed by a judge. Page 104 contains part of a plea canvas form that clearly is contained in the same case. It has the same date of plea, November 4th, 1992, and ticks off the various rights. And, of course, these are rights that would be given to a felon, not to a misdemeanant. And then lastly, there is the excerpts of record at page 103. But, again, we're not relying solely upon that. That is tied to the other documents I have mentioned. It does specifically indicate the defendant was sentenced to three years. So I think the court has – excuse me, the government has carried its burden and the court's decision, finding this was a felony crime of violence, should be affirmed. If you have no questions, thank you. Thank you. Do you have a minute? Thank you, Your Honor. If I may very briefly, the government again raises the argument that there was no objection to this at page 92 of the excerpt is Mr. Lopez's pre-sentencing objections in which she specifically states that summaries contained in PSRs are insufficient. Secondly, the government made reference to the – Did the trial judge – was this Judge Reed? This was Judge Reed, yes. Did he make a finding or resolve that problem? The purpose of this colloquy at the sentencing hearing is to straighten out any disputes about what's in the PSR. So if an objection was made, what did the judge say about it? Judge Reed specifically said during the sentencing that he believed he was entitled to rely on the abstract of judgment to determine the crime committed and the sentence imposed. There was a quite a long discourse that's – And it was a three-year sentence. That was Judge Reed's finding, yes, sir, based upon the abstract. What's wrong with that under Rule 52? Is that clearly erroneous? Yes, Your Honor, it is. When it's based upon the abstract of judgment from California, the other very brief point is the government made reference to the municipal court pleading that's found at Excerpt of Record 105. That, again, is simply transferring jurisdiction of this matter to the superior court in Los Angeles County. And, in fact, if the court looks at that particular document, it will see that that still does not tell us what the superior court did, what charge Mr. Lopez was actually convicted of and sentenced for. And my time is up. Thank you, Your Honor. Could I ask counsel for the government to come back a minute? Yes, Your Honor. I didn't quite understand the thrust of your argument that there was no objection to the three years in the PSR, and yet counsel has cited as to ER-92 where there was a specific objection to it. I took that to mean – defense counsel has correctly used the term summary in the case, and that is that's the one thing that district court judges cannot consider, facts and police reports or PSRs. It's my opinion that reciting the fact that it was a three-year sentence is not the same as a series of facts that say a police officer saw this defendant shoot at an occupied vehicle. Clearly, that could not be allowed. But nowhere is there a specific objection where the defendant said, I did not get three years for this offense. I think there is – Wait a minute. It says the sentence detailed in the PS, unless judicially noticeable documentation is provided to verify that the offense listed in paragraphs 24, 25, and 26 are valid convictions, and that the sentence detailed in the PSR is the actual sentence imposed, the defendant objects to the assessment of criminal history points on the basis of these offenses. It goes on to say, cannot rely on summary provided in the PSR. As such, these convictions cannot be included in the criminal history score unless appropriate supporting documentation is presented. It sounds like an objection to me. I'm just checking the paragraphs in the PSR, Your Honor. It's pretty clear that he made the objection. I was just wondering what the trial judge did about it. Yes, sir. I just wanted to confirm that because there were separate objections as to criminal history points in this. And I just wanted to confirm that those are the same objections. 24 is the shooting of the man. It is. The government relied upon the documents I've just mentioned to you. I understand. And the government only argued that this was categorically a crime of violence based on the Cortinas R.E.S. I wasn't addressing your argument. I was addressing the assertions of the rest of the objections. I might be wrong. I took, again, my interpretation is when they object to summary, I agree that facts in a PSR cannot be used to determine what elements of the offense the defendant pled to. If the defendant didn't say, did not say expressly that he did or did not get the three years, obviously, the Court can determine if that constitutes an objection. It's also true Judge Reed did mention the modified categorical approach, but the government always argued categorical approach, and this Court, of course, can affirm on any fair reason within the record. Thank you. The case argued is submitted. Thank counsel for their argument.
judges: Goodwin, B. Fletcher, Fisher